Dear Chief Duhon:
This office is in receipt of your request for an opinion of the Attorney General in regard to compliance with residency requirements to qualify for an elected position in the City of Carencro. You indicate the facts as follows:
 There is a citizen in the area whose property was annexed improperly in 1991. It was deemed an improper annexation and the process had to be reconducted from start to finish. As of this date, the Justice Department has not yet approved the annexation. To qualify for an elected position in the City of Carencro one must reside within the city limits for one-year prior.
In this regard to these facts you ask, "Since this annexation is not yet complete would this person meet the requirements as far as term of residence within the city limits?"
In Atty. Gen. Op. 92-105, with reliance upon Atty. Gen. Op. 91-422, this office stated, "In conclusion, it is the opinion of our office that it is unlawful to enforce a change with respect to voting prior to Justice Department preclearance." This conclusion is consistent with the statement by the Court in Theriot v. Parish of Jefferson, 185 F.3d 477
(5th Cir. 1999), "Changes which have not been pre-cleared are unenforceable."
Accordingly, we must conclude that a person who's property is proposed to be annexed into the City limits, but the annexation has not been precleared by the Justice Department, would not be qualified to seek office in the City.
We hope this sufficiently answers your inquiry.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: _____________________________ BARBARA B. RUTLEDGE Assistant Attorney General
RPI/bbr